UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAL S. KITTRELL,

    Plaintiff,                              CIVIL ACTION NO. 06-CV-12593

v.                                      DISTRICT JOHN CORBETT O'MEARA

WAYNE COUNTY,                    MAGISTRATE JUDGE DONALD A. SCHEER
WAYNE COUNTY PROSECUTOR'S
OFFICE, CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
WAYNE COUNTY PROSECUTOR,
LADAWN RUSSELL, MATTHEW
GNATEK, THOMAS BERRY,
OTHA CRAIGHEAD, and
ERIC KIMBLE

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed against the four governmental units and the Wayne County Prosecutor for failure to state a claim upon which relief may be granted.

\*   \*   \*

Plaintiff, while incarcerated at the Huron Valley Correctional Facility, was allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on June 12, 2006, against various governmental entities, the Wayne County Prosecutor and five Detroit police officers claiming that he had been falsely arrested and maliciously prosecuted. In his Complaint, Plaintiff alleged that his Fourth Amendment right to be free from illegal search and seizure was violated when he was arrested on July 4, 2004, for

armed robbery and carrying a concealed weapon in a motor vehicle.  He also claimed that his due process rights under the Fourteenth Amendment were violated when certain criminal procedures leading up to his arraignment were not followed by either the police or prosecutors. According to Plaintiff, all charges against him were dismissed by court order three weeks after his arrest[1] (See Order of Dismissal from the 36th District Court, attached to Complaint).  Claiming that he had been falsely arrested and maliciously prosecuted, Plaintiff sought compensatory and punitive damages.

PARTIAL SUMMARY DISMISSAL

Plaintiff has been granted *in forma pauperis* status.  Under the PLRA, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 19979(e); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 35, 31 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights privileges or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 49 (1988).  A *pro se* civil rights complaint is to be construed liberally.  See Haines v. Kerner, 404 U,S, 519, 520-521 (1972).  Despite the liberal pleading standard accorded to  *pro se* plaintiffs, however, I

---

[1]While Plaintiff is currently incarcerated, he declared that his incarceration is not related to the claims presented in the instant action.

recommend that the Court find that Plaintiff's complaint is subject to partial summary dismissal.

LOCAL GOVERNMENT DEFENDANTS

There is no proper basis alleged in the complaint for a claim against Wayne County, the City of Detroit, Wayne County Prosecutor's Office or the Detroit Police Department. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment.

ABSOLUTE IMMUNITY

To the extent that Plaintiff seeks damages against either the Wayne County Prosecutor or her assistant prosecuting attorneys for actions taken in the course of their duties in the judicial process, they are entitled to absolute immunity from damages. The functional nature of the activities performed by the prosecuting attorneys in the instant case involved prosecutorial conduct for which they are also absolutely immune under Imbler v. Pachtman, 424 U.S. 409 (1976). See also Hilliard v. Williams, 540 F.2d 220 (6th Cir. 1976); Stefaniak v. State of Michigan, 564 F.Supp. 1194 (W.D. Mich. 1983); Campbell v. Patterson, 724 F.2d 41 (6th Cir. 1983). The scope of prosecutorial immunity under Imbler is wide, enveloping all prosecutorial functions "intimately associated with the judicial [as opposed to the administrative or investigative] phase of the criminal process." Imbler, 424 U.S. at 430. Even when the acts and omissions of the prosecutor deprive a criminal defendant of his constitutional right to a fair trial (as where a prosecutor knowingly

3

suppressed Brady[2] material which would exonerate defendant, Hilliard, 540 F.2d at 221, or knowingly uses perjured testimony, Imbler, supra), as long as the conduct involves the decision to initiate or prosecute a criminal proceeding, the policy underlying the grant of absolute immunity is invoked.  Because Section 1983 liability for damages would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system," Imbler, 424 U.S. at 427-428, conduct even as egregious and reprehensible as that referenced above in Hilliard and Imbler enjoys immunity from Section 1983 liability because that conduct comprises an integral part of the prosecutor's role in the judicial system.

REMAINING DEFENDANTS

Having reviewed the remainder of the complaint, I am persuaded that Plaintiff's claims concerning the false arrest and malicious prosecution against police officers Russell, Gnatek, Berry, Craighead and Kimble is not subject to summary dismissal.  Police officers can be sued for malicious prosecution if they acted in an objectively unreasonable fashion in continuing a plaintiff's detention. See Gregory v. City of Louisville, 444 F.3d 725 (6th Cir. 725, 757 (6th Cir. 2005).  Plaintiff must present evidence that the officers (1) stated a deliberate falsehood or showed reckless disregard for the truth and, (2) that the allegedly false or omitted information was material to the finding of probable cause.  Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir. 1989).

CONCLUSION

For the reasons stated, Plaintiff has failed to state claims upon which relief may be granted under § 1983 against Wayne County, the City of Detroit, Wayne County

---

[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4

Prosecutor's Office, the Detroit Police Department and the Wayne County Prosecutor. Plaintiff's civil rights complaint against them should be summarily dismissed before service of process. Since the United States Marshal was not ordered to make service in the instant case, it is the responsibility of Plaintiff to serve the remaining named defendants (Russell, Gnatek, Berry, Craighead and Kimble).  Failure to do so may result in dismissal of those defendants for want of prosecution.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED:   September 18, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 18, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 18, 2006.  **Kamal Kittrell.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217