UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAL S. KITTRELL,

             Plaintiff,               CIVIL ACTION NO. 06-CV-12593

v.                             DISTRICT JOHN CORBETT O'MEARA

WAYNE COUNTY,               MAGISTRATE JUDGE DONALD A. SCHEER
WAYNE COUNTY PROSECUTOR'S
OFFICE, CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
WAYNE COUNTY PROSECUTOR,
LADAWN RUSSELL, MATTHEW
GNATEK, THOMAS BERRY,
OTHA CRAIGHEAD, and
ERIC KIMBLE,

             Defendants
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED

as there was probable cause for their arrest and detention.

\*     \*     \*

       Plaintiff, while incarcerated at the Huron Valley Correctional Facility (HVM)[1], was

allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C.

§ 1983, on June 12, 2006, against various state governmental entities, the Wayne County

Prosecutor and five Detroit police officers. His Complaint alleges that he was falsely

arrested and maliciously prosecuted. Plaintiff further claims that his Fourth Amendment

right to be free from illegal search and seizure was violated when he was arrested on July

3, 2004, for carrying a concealed weapon in a motor vehicle (CCW-MV).

_____

      [1]Plaintiff is still incarcerated at HVM.

On July 3, 2004, Detroit police officers Gnatek and Russell pulled over a vehicle that matched the license plate number of a suspected getaway car in an armed robbery of a flower shop a day earlier. Plaintiff, sitting in the passenger seat, was arrested for CCW-MV when a revolver was observed in plain view partially protruding from a pocket affixed to the back of the passenger seat.

Even though the CCW-MV charge was dismissed, without prejudice, following a preliminary examination on July 23, 2004, Plaintiff remained in police custody as a parole violator. Following a positive identification of Plaintiff as one of the armed robbers, he was charged in a second warrant, on July 28, 2004, with armed robbery, being a felon in possession of a firearm and habitual offender second degree. He was subsequently convicted following a trial on all three felony charges (See Exhibits 1 thru 4, attached to Defendants' Motion for Summary Judgment). Plaintiff remains incarcerated at HVM as a result of these convictions.

Plaintiff maintains that the police lacked probable cause to arrest and detain him on the CCW-MV charge. He also claims that his Fourteenth Amendment due process rights were violated by either the police or prosecutors. The Court dismissed the four governmental units and the Wayne County Prosecutor on November 9, 2006, for failure to state a claim upon which relief may be granted (Docket #11). The case was allowed to proceed against the five Detroit Police officers on the claims of false arrest and malicious prosecution.

Defendants filed a Motion for Summary Judgment on February 21, 2008, asserting that Plaintiff has failed to allege that his criminal convictions have been overturned or vacated. Plaintiff filed a response to Defendants' Motion for Summary Judgment on March

21, 2008, arguing that his claims were not barred by collateral estoppel. The case was referred to the undersigned on May 27, 2008.

PROBABLE CAUSE FOR ARREST

Defendants argue that this Court, as a matter of law, should find, based on the material facts that are not essentially disputed in this case, that they acted reasonably in believing that probable cause existed to arrest Plaintiff. The United States Supreme Court has held that "[i]t is not disputed that the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). In United States v. Sangineto-Miranda, 859 F.2d 1501, 1508 (6th Cir. 1988), the Sixth Circuit stated:

> A warrantless arrest is justified if, at the time of the defendant's arrest, police officers have probable cause to believe that an offense has been, is being, or will be committed . . . . Probable cause exists where the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense' . . . . The probable cause requirement does 'not demand any showing that such a belief is correct or more likely true than false'. . . .
>
> Probable cause is a 'fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules' . . . . 'The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as fact finders are permitted to do the same - and so are law enforcement officers' . . . . Thus, in determining whether probable cause exists, the trial court must look to the 'totality of the circumstances' . . . and view the facts 'as a whole and in a practical manner.'
>
> U.S. v. Sangineto-Miranda,
> 859 F.2d 1501, 1508 (6th Cir. 1988).
> (Citations Omitted).

With these principles in mind, I am persuaded that probable cause existed to arrest Plaintiff. Initially, the police officers did not violate Plaintiff's clearly established rights by stopping the vehicle driven by a co-defendant. The undisputed facts establish that Officers Gnatek and Russell pulled over a vehicle on July 3, 2004, that matched the license plate number of an automobile suspected of being the getaway car in an armed robbery of a Detroit business a day earlier. Thus, the officers had a reasonable suspicion sufficient to stop the vehicle in which Plaintiff was an occupant. After the vehicle came to a stop and a gun was seen in plain view protruding from a pocket affixed to the back of Plaintiff's seat, the police officers acted reasonably in detaining him on the CCW-MV charge.

To the extent that Plaintiff is alleging false arrest after he was he was identified by witnesses as one of the robbers, his claim would appear to be foreclosed by his convictions in state court of armed robbery and being a felon in possession of a firearm. See Walker v. Schaeffer, 854 F.2d 138, 142 (6th Cir. 1988) (plaintiff's § 1983 claim for false arrest was precluded by his prior plea of nolo contendere in state court proceedings in which the plaintiff had a " 'full and fair opportunity to litigate' the issues involving whether defendants ... falsely arrested and/or falsely imprisoned plaintiffs." ).

Viewing the uncontested facts objectively, I am satisfied probable cause existed to arrest Plaintiff for carrying a firearm in a motor vehicle, and that the existence of probable cause defeats Plaintiff's claim of false arrest. Moreover, Plaintiff has made no showing that his state court convictions were even challenged on appeal, much less reversed, overturned or questioned. Therefore, Plaintiff's claims which purport to undermine his criminal convictions are precluded from review. See Heck v. Humphrey, 512 U.S. 477 (1994)(in order to recover damages for allegedly unconstitutional conviction or

imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment should be granted, and the instant Complaint dismissed. Given this recommendation, Plaintiff's Motion for Production of Documents (Docket #26) should be denied. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 30, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 30, 2008. **Kamal Kittrell**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217